930 F.2d 37
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Constance Berry NEWMAN, Director, Office of Personnel
Management, Petitioner,
v.
Joan HOLZMAN, Respondent.
 Misc. No. 293.
 United States Court of Appeals, Federal Circuit.
 Feb. 25, 1991.
 
 Before RICH, Circuit Judge, COWEN, Senior Circuit Judge and CLEVENGER, Circuit Judge.
 On Petition for Review.
 CLEVENGER, Circuit Judge.
 
 ORDER
 
 1
 Constance Berry Newman, Director of the Office of Personnel Management (OPM), petitions for review of an arbitrator's decision reversing the Department of the Army's 30-day suspension and reduction in grade of Joan Holzman. Holzman opposes the petition.
 
 
 2
 Briefly, the Army suspended Holzman for 30 days and reduced her grade from GS-5 to GS-4 on the ground that she falsified a job application (SF 171) that she submitted to the Social Security Administration while working for the Army. The arbitrator determined (1) that if the Army had the authority to discipline Holzman, then the 30-day suspension was appropriate, but the reduction in grade should be limited to five months; (2) that the Army did not show that it had the authority to impose discipline on its own employee for misrepresentations made to another agency on a job application and; (3) therefore, that the Army's action was reversed. OPM petitioned the arbitrator for reconsideration of that part of his decision holding that the Army had not shown that it had authority to discipline.[1] On reconsideration the arbitrator found "no compelling reason" to modify his decision.
 
 
 3
 Pursuant to 5 U.S.C. Sec. 7703(d) and 7121(f), OPM may seek review of an arbitrator's decision if OPM determines, in its discretion,
 
 
 4
 that the [arbitrator] erred in interpreting a civil service law, rule or regulation affecting personnel management and that the [arbitrator's] decision will have a substantial impact on a civil service law, rule, regulation or policy directive.
 
 
 5
 This court must independently determine whether an exercise of our discretionary jurisdiction is warranted. Devine v. Brisco, 733 F.2d 867, 871 (Fed.Cir.1984). In cases where OPM is challenging an arbitrator's decision, we will exercise even greater scrutiny. Devine v. Sutermeister, 724 F.2d 1558, 1562 (Fed.Cir.1983). When such a petition is filed, it is incumbent upon OPM to demonstrate that the decision appealed from will have a substantial impact on the administration of civil service law. Brisco, 733 F.2d at 871.
 
 
 6
 With regard to the "substantial impact" requirement, OPM's argument in its entirety is:
 
 
 7
 The arbitrator's position ignores the important principle that government employees are expected to be truthful in the information they supply to the government, and when they are not, they may be disciplined. Other arbitrators may adopt his severely limited view of the circumstances under which such discipline is proper. Even if they do not, the principle at issue is too important to be left in doubt. This court can, and should, dispel that doubt by accepting review of this case.
 
 
 8
 This cursory argument does not satisfy the requirement of showing that the arbitrator's decision will have a substantial impact on the administration of the civil service. Moreover, the ultimate conclusion of the arbitrator on the merits was not that an agency lacks the authority to impose discipline on its employee for misrepresentation made to another agency, but that the Army, in this case, had not shown that it had such authority.[2]
 
 
 9
 Accordingly,
 
 IT IS ORDERED THAT:
 
 10
 OPM's petition is denied.
 
 
 
 [1]
 Holzman argues that OPM's petition for reconsideration was untimely and that we should deny OPM's petition here on that ground. However, in view of our disposition, we need not and do not address that issue
 
 
 [2]
 Indeed, on reconsideration the arbitrator stated: "OPM may be correct [in its interpretation of the law]. If it is, the answer should come based on a fuller presentation of authority and reasoning that was offered in the original proceeding or on reconsideration."